EUSTACE DE SAINT PHALLE, SBN 179100
JOSEPH R. LUCIA, SBN 278318
RAINS LUCIA STERN, PC
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 341-9341
Fax: (925) 609-1690
E-mail: PersonalInjuryGroup@RLSlawyers.com

DARGAN WARE
(*Pro Hac Vice pending*)
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-9900
Fax: (205) 930-9989
Email: JNorris@davisnorris.com

Attorneys for Plaintiff
STEPHANIE MARRACCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARRACCO on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHITEBRIDGE PET BRANDS, LLC, and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.  16-4009<br><br>**CLASS ACTION COMPLAINT**<br><br>**AMOUNT DEMANDED EXCEEDS $10,000**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

This is a California statewide class action seeking redress for the mislabeling of pet food and pet treats. Defendant Whitebridge Pet Brands, LLC, ("Whitebridge"), labeled its

pet treats as "Made in USA," when in fact certain ingredients are sourced from foreign countries. This is a violation of the California Unfair Competition Law as well as the California Consumer Legal Remedies Act. Plaintiff seeks, on her own behalf as well as on behalf of a statewide class of similarly situated consumers, injunctive relief to stop Defendant's use of false country-of-origin labels, as well as restitution under the UCL. Plaintiff also seeks injunctive relief under the CLRA. After the requisite thirty-day notice, Plaintiff will amend her complaint to seek actual damages subject to the $1,000 statutory minimum for class action damages, restitution, punitive damages, and attorney's fees under the CLRA. In support of this complaint, Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Stephanie Marracco is an adult citizen of California residing in Los Angeles County, which is within this district. Plaintiff purchased Defendant's products, the marketing of which violates California law, in this district and division, and by ordering them over the internet and having them delivered to her home in this district and division.

2.     Defendant Whitebridge is a limited liability company formed under and existing pursuant to the laws of the state of Delaware. Defendant's principal place of business is in Chicago, Illinois.

3.     Defendant Whitebridge manufactures and sells pet treats under the brand names including Cloud Star, Wag More Bark Less, Dynamo Dog, and Tricky Trainers.

4.     This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, as modified by the Class Action Fairness Act of 2005, because Plaintiff and Defendant are citizens of different states, and in this class action the aggregate amount in controversy is greater than $5,000,000.00 (five million dollars), exclusive of interest and costs.

5.     Venue is proper in this court because the purchases were made by, and deliveries were made to, the Plaintiff in this district and division.

## FACTS RELATING TO THE SPECIFIC PLAINTIFF

6.     Plaintiff Stephanie Marracco is a loving pet owner who has fed Defendant's treats to three dogs. Her relationship with Defendant began with her purchase of

Defendant's Cloud Star Buddy Biscuits for her first dog, Hanno, who passed away in 2007.

7.     Hanno's love of Buddy Biscuits was soon shared by Rocco, currently a 10-year-old poodle mix, and Rex, a five-year-old mixed breed. Ms. Marracco rescued each of these dogs, and, unfortunately, each of them has had significant health and diet problems. For example, Rocco suffers from digestive issues and Rex also has to watch his diet due to a bout with pancreatitis.

8.     For these reasons, Ms. Marracco has been very picky about the foods and treats she chooses for her dogs. Since at least 2013, she has primarily bought dog treats online, including at retailers DogSupplies.com, Wag.com, Dog.com, Amazon.com, Familyhood.com, and EntirelyPets.com.

9.     On multiple occasions prior to January 1, 2016, including, but not limited to, online orders in August 2013, December 2013, May 2014, October 2014, January 2015, April 2015, and December 2015, Plaintiff Stephanie Marracco purchased Defendant's treats online. The specific items purchased by Plaintiff included, but are not limited to, the following items.

- Cloud Star Dynamo Dog Functional Soft Chews Tummy: Pumpkin & Ginger
- Cloud Star Grain Free Buddy Biscuits
- Cloud Star Soft & Chewy Grain Free Slow Aged Cheddar Treats (now branded as Wag More Bark Less)
- Cloud Star Dynamo Dog Functional Soft Chews Skin & Coat: Salmon
- Cloud Star Chewy Tricky Trainers Cheddar Flavor
- Cloud Star Wag More Bark Less Soft & Chewy Peanut Butter
- Cloud Star Oven Baked Buddy Biscuits Smooth Aged Cheddar (now branded as Wag More Bark Less)
- Wag More Bark Less Oven Baked Grain-Free Pumpkin Flavor

10.     All of these treats that Plaintiff purchased from Defendant were labeled with the American flag and the words "Made in USA." Plaintiff made these purchases after viewing and relying on the labels stating that they were "Made in USA." Plaintiff chose

these products because she is very concerned about the sources of the foods she feeds her pets and the ingredients in those foods.

11.    Plaintiff desires to purchase Defendant's treats in the future because of the nutritional requirements and dietary restrictions Rocco and Rex face, but cannot do so because of concerns over foreign-sourced ingredients and trust issues based on Defendant's false country-of-origin representations.

12.    The value of the product received by Plaintiff was less than the value she paid, because the "Made in USA" labeling was untrue.

13.    All of the treats listed above were made, manufactured, marketed, and/or sold by Defendant Whitebridge or its predecessor in interest.

14.    The labels on all of Defendant's treats listed in Paragraph 9 stating that they were "Made in USA" were and remain false because the treats contain at least one foreign-sourced ingredient, tapioca starch. Plaintiff believes the treats may contain other foreign-sourced ingredients.

## FACTUAL ALLEGATIONS COMMON TO THE STATEWIDE CLASS

15.    Defendant manufactures and sells pet food and treats in stores all over the United States, including California. Defendant also markets and sells its pet treats over the internet through numerous online retailers.

16.    Defendant's pet treats prominently display the American flag and the words "Made in USA."

17.    These labels stating that Defendant's pet treats are made in the United States are false because Defendant's pet treats contain ingredients that are sourced from foreign countries. Specifically, but without limitation as to other foreign-sourced ingredients, the tapioca starch in defendant's products comes from Non-USA sources.

18.    Defendant continues to sell pet treats bearing the label "Made in USA."

19.    The buying public's preference for pet foods and treats that are made exclusively in the United States stems in part from the widely-publicized and widespread recall of pet foods in 2007, when hundreds, and perhaps thousands, of dogs and cats died

of kidney failure after eating pet food that contained a toxic chemical called melamine. This ingredient was placed in the pet food at manufacturing facilities in China and was mislabeled as "wheat gluten" or "rice protein." This increased consumer's preference for both fully American-made pet food and treats and grain-free pet food and treats.

20.    For this and other reasons, the buying public generally believes that American-made products are safer to feed their animals than foreign-sourced ingredients.

21.    The Plaintiff and the Class received products from Defendant that were worth less that what the Plaintiff and the Class paid for the products.

22.    The Plaintiff and the Class continue to be injured as the Defendant's products continue to be sold to unwitting customers, and the customers who are aware of the foreign sourced ingredients either cannot purchase the products for fear of potential dangers with foreign sourced ingredients or cannot know which of Defendant's many products labeled "Made in USA" actually contain foreign ingredients.

## CLASS ACTION REQUIREMENTS

23.    Plaintiff brings this case on her own behalf, and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class consists of all residents of the state of California who, within the applicable statute of limitations period, bought pet food products from Defendant that were sold with labels bearing "Made in  USA." Excluded from the Class are Plaintiff's counsel and any employee of the court.

24.    Pursuant to Rule 23(a)(1), numerosity is satisfied because the members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. There are thousands of members of the Class located in the State of California.

25.    Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

   a. whether Defendant participated in or committed the wrongful conduct alleged herein;

b.  whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

c.  whether the members of the Class sustained and/or continue to sustain injury by reason of Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining restitution for such injury; and

d.  whether the members of the Class are entitled to injunctive or other equitable or monetary relief.

26.    Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims. The product purchased by Plaintiff is substantially similar to other products of Defendant purchased by class members with the same "Made in USA" claim made on their label while containing foreign sourced ingredients. Plaintiffs and members of the Class also sustained injury arising out of Defendant's common course of conduct complained of herein. Accordingly, Plaintiff satisfies the "typicality" requirements of Fed. R. Civ. P. 23(a)(3) with respect to the Class.

27.    Plaintiff will fairly and adequately protect the interests of the other members of the Class, and have no interests that are antagonistic to those of the Class, pursuant to Rule 23(a)(4). Plaintiff is interested in vigorously prosecuting claims on behalf of the Class, and Plaintiff has retained experienced and competent class action counsel to represent them and the Class.

28.    Plaintiff seeks to certify a statewide class pursuant to Rule 23(b)(2) and 23(b)(3).

29.    Pursuant to Rule 23(b)(2), Defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

30.    Pursuant to Rule 23(b)(3), questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy. Given the relatively small amount of damages suffered by each class member, it is unlikely that any of the class members are interested in individually controlling the prosecution or defense of separate actions. Plaintiff is not aware of any other litigation against Defendant asserting these claims, and doubts any other litigation outside of the class action device will be initiated against Defendant.  It is desirable to hear all of these claims in one forum so that the class members can receive a full recovery, which they would not outside of a class action because of the relatively small amount of damages suffered by each class member, such that it would make no economic sense for individual class members to pursue individual claims in different forums.   Plaintiff does not anticipate that there will be significant difficulties in managing this class action that are any more serious than other consumer class actions.

## CLAIMS FOR RELIEF

## COUNT ONE – CALIFORNIA UNFAIR COMPETITION LAW

31.     All preceding paragraphs are incorporated by reference.

32.     The foregoing fraudulent and unfair conduct violates the California Unfair Competition Law, codified at Business and Professions Code §§ 17200, et seq. ("UCL").

33.     Among other provisions, the foregoing conduct violates Business & Professions Code § 17533.7 dealing with "Made in the U.S.A." product labeling.

34.     The named Plaintiff and the Class suffered injury as a result of Defendant's violation of the law because they paid more for the product than its actual value.

35.     As a result, Plaintiff is entitled to an injunction against continuing violations of the UCL and restitution of monies obtained.

## COUNT TWO – CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

36.     All preceding paragraphs are incorporated by reference.

37.     Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is filing an affidavit of proper venue and attaching it to this complaint as Attachment 1.

38.     The foregoing conduct by Defendant violates the Consumers Legal Remedies

Act, codified at California Civil Code §§ 1750, et seq.

39.    Defendant's pet food and treats are "goods" as defined in Civil Code Section 1761(a).

40.    Plaintiff, and each of the Class members, is a "Consumer" as defined in Civil Code Section 1761(d).

41.    Each of Plaintiff's and Class members' purchases of Defendant's products constituted a "transaction" as defined in Civil Code Section 1761(e).

42.    Plaintiff and each class member suffered an injury in fact because they received a product from Defendant that had less value than they paid for it, due to the false labeling.

43.    Defendant's violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. Defendant did these acts knowing the harm that would result to Plaintiff and similarly situated persons, and Defendant continues to commit these acts notwithstanding that knowledge.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff prays for the following relief:

A.    An order certifying this as a California statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    An order appointing Plaintiff's counsel as Class Counsel to represent the interests of the Class;

C.    After trial, an injunction ordering Defendant to stop its violations of California law as alleged herein;

D.    An award of monetary relief for the Class in the amount by which Defendant has been unjustly enriched by its illegal conduct as alleged herein;

E.    An award of costs, including reasonable attorneys' fees;

F.    Pre and post judgment interest in the highest amount permitted by law; and

///

**CLASS ACTION COMPLAINT**

G.     Such further or different relief as the Court may deem appropriate.

Dated: June 7, 2016                       Respectfully submitted,
                                          **RAINS LUCIA STERN, PC**


                                          /s/ *Eustace de Saint Phalle*
                                          By:  Eustace de Saint Phalle
                                          Attorneys for Plaintiff STEPHANIE
                                          MARRACCO


## **DEMAND FOR JURY TRIAL**

As to the matters complained of herein against Defendants WHITEBRIDGE PET BRANDS, LLC and DOES 1-25, and each of them, Plaintiff STEPHANIE MARRACCO demands a trial by jury.


Dated: June 7, 2016                       Respectfully submitted,
                                          **RAINS LUCIA STERN, PC**


                                          /s/ *Eustace de Saint Phalle*
                                          By:  Eustace de Saint Phalle
                                          Attorney for Plaintiff STEPHANIE
                                          MARRACCO

**CLASS ACTION COMPLAINT**